UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GG/MG, INC., et al. | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:22-cv-00850-SRC |
| | ) | |
| MIDWEST REGIONAL BANK, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

**Memorandum and Order**

This matter is before the Court on the parties' responses to the Court's September 22, 2022 show-cause order and Midwest Regional Bank's [11] motion to dismiss Plaintiffs' first amended complaint. For the following reasons, the Court partially grants Midwest's motion as to count 2. Because dismissing count 2 deprives the Court of subject-matter jurisdiction, it declines to rule on the motion as to count 1 and remands the case to state court.

**I.     Background**

In their state-court petition, Plaintiffs did not name the United States Small Business Administration as a defendant; the SBA is a party solely because after the state court issued its TRO, it ordered Plaintiffs to join the SBA. Doc. 1-5 at pp. 161–62; Doc. 1-6 at pp. 56–57. Plaintiffs did so in an amended petition, Doc. 7 at p. 22, and the SBA removed the case to this Court. Doc. 1.

In the amended pleading, Plaintiffs seek relief in two counts. Count 1 seeks relief solely against Midwest, and is substantially identical to the lone count in Plaintiffs' original petition. Doc. 7; Doc. 3. In count 2, Plaintiffs essentially make one allegation against the SBA: "the SBA is a necessary and indispensable party to this litigation by virtue of [Midwest's] allegation that

the SBA holds an interest which could be adversely affected by this litigation." Doc. 7 at ¶ 98. Notably, the prayer for relief in count 2 mirrors word-for-word the prayer for relief in count 1, meaning Plaintiffs do not seek any relief at all against the SBA.

Boiled down to its essence, the amended petition alleges the following. Under an SBA program, Midwest loaned over $2.5 million to Plaintiff GG/MG. Doc. 7-2 at p. 1. The individual Plaintiffs guaranteed the loan. Doc. 7-5. GG/MG defaulted, and Midwest conducted two liquidation sales of the collateral securing the loan. The sales yielded less than the amount that Plaintiffs owed on the loan. Doc. 7 at ¶¶ 10–11. Midwest sought to recover the deficiency balance from Plaintiffs in a prior action but dismissed it before the state court entered a judgment. *Id.* at ¶ 13. Plaintiffs then brought this action in state court, claiming that Midwest violated state law in conducting the sales and that Plaintiffs therefore have no liability to Midwest. *Id.* at p. 21.

After removing the case, the SBA asserted the affirmative defense under Rule 12(b)(6) that Plaintiffs failed to state a claim against it. Doc. 31 at p. 29. Midwest has also filed a motion to dismiss, in which it points out that "Plaintiffs do not seek any relief with respect to the SBA." Doc. 11 at ¶ 23. Mindful of its limited jurisdiction, the Court ordered the parties to brief the 12(b)(6) issue and whether the SBA belongs in the case. Doc. 32. Having reviewed the briefs, the Court determines that the SBA has no business in this case.

**II.     Standards**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure requires the plaintiff to give "a short and plain statement showing that the pleader is entitled to relief . . . ." To meet this

standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).  The Court must grant all reasonable inferences in favor of the nonmoving party.  *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff . . . ."  *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010).  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation.  *Twombly*, 550 U.S. at 555 (citation omitted); *Iqbal*, 556 U.S. at 677–78.

For a declaratory-judgment claim to survive a 12(b)(6) motion, the plaintiff must, among other things, plead the existence of a live controversy and request specific relief from the court. *Maytag Corp. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 687 F.3d 1076, 1081 (8th Cir. 2012) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937)).  The Federal Declaratory Judgment Act applies in a removed case because the Act "is procedural only."  *Aetna*, 300 U.S. at 239–40; *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281 n.4 (3d Cir. 2017) ("[B]ecause federal courts apply federal procedural law in federal actions, the [Federal Declaratory Judgment Act] and not state declaratory judgment law supplies the

3

procedural law that governs this case. This is notwithstanding the fact that the relief sought in the removed Declaratory Action was requested under the Pennsylvania Declaratory Judgments Act."); *see also Comm. For Educ. Equal. v. State*, 878 S.W.2d 446, 452 (Mo. 1994) (The Missouri Declaratory Judgment Act "affects exclusively matters of practice, pleadings, and forms and modes of proceedings; it does not create any new or substantive rights, but is procedural in nature." (quoting 26 C.J.S. *Declaratory Judgments* § 1 (1956))).

The Federal Declaratory Judgment Act provides that "[i]n a case of *actual controversy* within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). As the text of the statute suggests, "[t]he case or controversy requirement of Article III applies . . . to actions for declaratory judgment." *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993); *see* U.S. Const. art. III, § 2. The Eighth Circuit has held that, to qualify as a justiciable controversy, "[t]here must be [1] a *concrete dispute* between parties having adverse legal interests, and [2] the declaratory judgment plaintiff must seek '*specific relief* through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Maytag*, 687 F.3d at 1081 (emphasis added) (quoting *Aetna*, 300 U.S. at 241).

### III. Discussion

Under *Maytag*'s first element, Plaintiffs have not pleaded any facts regarding the SBA that would allow the Court to infer that a "concrete dispute [exists] between the parties." *Maytag*, 687 F.3d at 1081. When the state court ordered Plaintiffs to amend their petition to join the SBA, they added count 2, in which they "restate and reallege" against the SBA "paragraphs 1

4

through 95" from count 1.  But the state substantive law on which Plaintiffs hang their declaratory-judgment allegations in count 1 relates only to Midwest's post-default sale of the loan collateral, in which the SBA took no part.  *See, e.g.*, Mo. Rev. Stat. § 400.9-610(a); Doc. 7 at ¶¶ 37–46.  True, Plaintiffs allege in count 1 a few background facts that involve the SBA—for example, that the SBA guaranteed the loan at issue and that Midwest intends to assign its interest in the loan to the SBA.  Doc. 7 at ¶¶ 6,  16–18, 21, 28, 35.  But count 1 contains no factual allegations even suggesting that a  "concrete dispute" presently exists between Plaintiffs and the SBA—and certainly not one of "immediacy."  *Maytag*, 687 F.3d at 1081 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).  Indeed, Plaintiffs make clear in their amended petition that Midwest, not Plaintiffs, originally viewed the SBA as a necessary party.  Doc. 7 at ¶ 98.  Although the Court can envision a future scenario in which Plaintiffs *might* have a claim against the SBA, the existence of any such claim will depend on how the state court rules in the underlying declaratory-judgment action.

Turning to the second *Maytag* factor, Plaintiffs do not even attempt to seek "specific relief" against the SBA, either "through a decree of a conclusive character" or otherwise.  *Maytag*, 687 F.3d at 1081 (quoting *Md. Cas. Co.*, 312 U.S. at 273); Doc. 7 at p. 22–23; Doc. 11 at ¶ 23 ("Plaintiffs do not seek any relief with respect to the SBA . . . .").  The prayer for relief in count 2, as noted, repeats the prayer in count 1.  This fact renders count 2 deficient on its face—not only under *Maytag*, but also under Rule 20's requirements for permissive parties.   Even if a "question of law or fact common to all defendants will arise in the action," Rule 20 only allows permissive joinder of defendants when "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2).

5

The SBA similarly does not satisfy Rule 19's requirements for necessary parties. Plaintiffs allege that "the SBA is a necessary and indispensable party to this litigation by virtue of [Midwest's] allegation that the SBA holds an interest which could be adversely affected by this litigation."  Doc. 7 at ¶ 98.  But a defendant only qualifies as a necessary party if "the court cannot accord complete relief among the parties" in its absence or if its absence exposes an existing party to a "substantial risk" of inconsistent obligations.  Fed. R. Civ. P. 19(a)(1).  Again, Plaintiffs seek no relief from the SBA, nor have they shown that a court cannot accord complete relief in its absence.  Plaintiffs also have failed to show how litigating in the SBA's absence might lead to a substantial risk of inconsistent obligations.  Plaintiffs assert that it is "*possible*" that they "*could* be faced with a finding of no liability to the Bank which the SBA *could* argue is not binding on it."  Doc. 38 at ¶ 14 (emphasis added).  The Court does not find Plaintiffs' argument persuasive.  A risk that *might* materialize if various contingencies occur is not necessarily a *substantial* risk.  While the state court's decision to order joinder of the SBA under Missouri's substantially identical necessary-parties rule may have been reasonable at the time, Mo. R. Civ. P. 52.04, Plaintiffs have proved unable to demonstrate that the SBA is necessary and indispensable.

**IV.     Conclusion**

Plaintiffs have failed to plead facts supporting an inference that a controversy exists between them and the SBA, and they seek no relief against the SBA.  Accordingly, the Court partially grants Midwest's [11] motion to dismiss, dismissing only count 2.  Because, in the SBA's absence, the Court lacks jurisdiction over count 1, the Court declines to rule on Midwest's [11] motion as to count 1 and remands the case to state court under 28 U.S.C.

§ 1447(c). The Court directs the Clerk of Court to close this case and send a certified copy of the order of remand to the clerk of the state court.

    So Ordered this 16th day of November, 2022.

                                                     _____
                                                     STEPHEN R. CLARK
                                                     UNITED STATES DISTRICT JUDGE